NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLIVER VAUGHN:DOUCE,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY, et al.,<br><br>Defendants. | Civil Action No. 22-00475 (RK) (TJB)<br>No. 23-21737 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon an application to proceed *in forma pauperis*, ("IFP," '475 ECF No. 11-2),[1] filed by *pro se* Plaintiff Oliver Vaughn:Douce ("Plaintiff"), along with the operative Complaint, ("Compl.," '475 ECF No. 11), in Case No. 22-00475 ("*Vaughn:Douce I*").[2] Pending before the Court is also Plaintiff's substantially-identical application to proceed *in forma pauperis*, ('737 ECF No. 1-4), and complaint, ('737 ECF No. 1), in Case No. 23-21737 ("*Vaughn:Douce II*"). For the reasons set forth below, the Court *sua sponte* **CONSOLIDATES** the *Vaughn:Douce I* and *Vaughn:Douce II* cases, **GRANTS** Plaintiff's application to proceed *in forma pauperis*, and **DISMISSES** the operative Complaint.

---

[1] References to "'475 ECF No. _" refer to documents filed in Plaintiff's civil case, *Vaughn:Douce v. New Jersey Division Child Protection and Permanency, et al.*, No. 22-00475 (D.N.J.). References to "'737 ECF No. _" refer to documents filed in Plaintiff's other civil case, *Vaughn:Douce v. New Jersey Division of Child Protection and Permanency, et al.*, No. 23-21737 (D.N.J.).

[2] The Court notes that Plaintiff filed an initial complaint, (*see* '475 ECF No. 1), but after his first application to proceed *in forma pauperis* was denied, (*see* '475 ECF No. 4), Plaintiff filed a "Proposed Amended Complaint" and a new application to proceed *in forma pauperis*, (*see* '475 ECF No. 11). The Court will treat the "Proposed Amended Complaint" and the associated application to proceed *in forma pauperis* as the operative Complaint and application in this newly-consolidated matter. *See Bell v. Twp. of Maplewood*, No. 19-12980, 2021 WL 3260848, at *6 (D.N.J. July 30, 2021) ("The Court, however, must determine the operative complaint of this now consolidated matter").

I.     **BACKGROUND**

The Complaint's allegations are convoluted and exceedingly difficult to decipher, but from what the Court can discern, Plaintiff alleges he is the biological father of P.D., a fourteen-year old girl who primarily lived with her birth mother in New Jersey. (Compl. at 3.) There was no formal custody order between Plaintiff and the birth mother in place. ('475 ECF No. 11-6 at 17.) In June 2019, Plaintiff discovered P.D.'s mother had passed away. (Compl. at 3.) While it appears the New Jersey Department of Children and Families attempted to contact Plaintiff about his daughter's mother's passing, "[a] man answered the phone and stated it was a wrong number for [Plaintiff]." ('475 ECF No. 11-6 at 18.) P.D. was ultimately placed with a maternal uncle.[3] (*Id.* at 11.) Plaintiff "wrote a letter to the court to find [his] daughter," and "went on special appearance to agency court," but "[t]he [C]ommissioner seem[ed] as if she want[ed] to prolong delay . . . trying to fine [sic] something to continue holding my daughter . . ." (Compl. at 3–4.) Plaintiff appears to be concerned P.D. is receiving medical treatment he did not consent to, and was "left . . . with no option but to move in this District Court to stop this abuse and trauma." (*Id.* at 4.)

Plaintiff subsequently filed a Complaint in Case No. 22-00475 against fifteen defendants, including New Jersey Division of Child Protection and Permanency, the Department of Children and Families, the Community Medical Center – Toms River, and a variety of individuals, including P.D.'s maternal uncle (collectively, "Defendants").[4] (*See* '475 ECF No. 1.) After the Court denied

---

[3] Plaintiff attached to the Complaint a copy of a Verified Complaint by the New Jersey Division of Child Protection and Permanency (the "Division") filed in the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, in which the Division sought an order granting care and custody of P.D. to the Division. ('475 ECF No. 11-6 at 1–4.) The Verified Complaint indicates that Plaintiff's whereabouts at the time of P.D.'s mother's passing were "unknown." (*Id.* at 2.)

[4] Prior to filing the Complaint in Case No. 22-00475, Plaintiff filed a petition for a writ of habeas corpus in *Douce v. New Jersey Div. of Child Prot. & Permanency*, No. 20-2619, 2021 WL 825451 (D.N.J. Mar. 4, 2021), *aff'd sub nom. Vaughn:Douce v. New Jersey Div. of Child Prot. & Permanency*, No. 21-1596, 2021 WL 3403670 (3d Cir. Aug. 4, 2021). In that petition, Plaintiff also alleged civil rights violations against the

2

his initial application to proceed *in forma pauperis*, Plaintiff filed a renewed application, (*see generally* IFP), and the operative Complaint against the same Defendants, (*see generally* Compl.). Before the Court could review Plaintiff's renewed application to proceed *in forma pauperis* and screen the operative Complaint pursuant to 28 U.S.C. § 1915, Plaintiff filed a near-duplicative and substantively-identical complaint against the same Defendants in Case No. 23-21737, as well as an identical application to proceed *in forma pauperis*. ('737 ECF No. 1.)

The exact claims Plaintiff brings against Defendants are unclear, with Plaintiff at various times alleging "redress $21,000,000 Million dallors [sic] punitive damages conversion RICO Act false claim Act 31 USC 3729 241, 242 18 USC 2331 . . . in violations of . . . constitutional secured and guaranteed and protected rights by 5th 14th Amdt [sic] violation by caption defendants," (Compl. at 2), and at other times alleging, "due process his, 1st fifth, 14th, and 6,7,10th amendment guarantee protected was violated by Malicious process conspiracy use by defendants, to defraud the U.S. government under 4-D collection agency for Social Security funds . . . to defame trying to fabricate false adoption scheme . . ." (*id.* at 1), and still other times alleging "deprovation[sic] of rights under the color of law 241&242 under color of law 1986 1983 UCC9-210," (*id.* at 4).

With his Complaint, Plaintiff also filed an application to proceed *in forma pauperis*. (*See* IFP.) The application indicates Plaintiff currently has no income but receives approximately $320.00 per month in benefits.[5] (*Id.* at 2.) He has expenses totaling approximately $423.00. (*Id.* at 5.)

---

same Defendants as those here. *See id.* at *1. The Honorable Michael A. Shipp (U.S.D.J.) denied Plaintiff's petition and dismissed the civil rights claims against Defendants. *See id.* at *3.

[5] The Court notes that while Plaintiff indicates his total monthly benefits equal $420.00, he only lists benefits that total $320.00. (*See* IFP at 2 (listing public-assistance benefits totaling $180.00 and rent benefits totaling $140.00).)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III.  DISCUSSION

### A. CONSOLIDATION

A court may *sua sponte* consolidate actions pursuant to Federal Rule of Civil Procedure 42(a). *Pennsylvania Gen. Ins. Co. v. Landis*, 96 F. Supp. 2d 408, 410 (D.N.J. 2000), *aff'd,* 248 F.3d 1131 (3d Cir. 2000); *see also Kamdem-Ouaffo v. Task Mgmt. Inc.,* No. 17-7506, 2018 WL 3360762, at *26 (D.N.J. July 9, 2018) ("The Court will sua sponte consolidate these matters for all purposes. Federal Rule of Civil Procedure 42(a) provides: 'If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions.'"). The cases of

*Vaughn:Douce I* and *Vaughn:Douce II* "arise out of" the same facts, and "the relief sought is identical." *Jackson Hewitt, Inc. v. Nat'l Tax Network, LLC*, No. 10-05108, 2011 WL 601594, at *6 (D.N.J. Feb. 17, 2011); *In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) ("Once a common question has been established, the decision to consolidate rests in the sound discretion of the district court") (citations omitted)). In fact, the Complaint in *Vaughn:Douce I* is nearly identical to the complaint in *Vaughn:Douce II*. (*Compare* Compl. *with* '737 ECF No. 1.) Therefore, in the interests of efficiency and judicial economy, the Court will consolidate the cases of *Vaughn:Douce I* and *Vaughn:Douce II*. *Vaughn:Douce II* will consequently be administratively terminated.

### B. IN FORMA PAUPERIS APPLICATION

In order to proceed *in forma pauperis,* Section 1915(a) requires Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)).

Plaintiff's *in forma pauperis* application indicates Plaintiff currently receives $320.00 per month in benefits and has expenses totaling $423.00. (IFP at 2, 5.) Because Plaintiff's monthly income is less than his monthly expenses, the Court finds Plaintiff has sufficiently shown he cannot pay the filing fee for this matter. Therefore, the Court will **GRANT** Plaintiff's *in forma pauperis* application.

### C. REVIEW OF COMPLAINT

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court turns to reviewing the merits of Plaintiff's Complaint. The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[]

monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)–(3). Federal Rule of Civil Procedure 8's ("Rule 8") purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although Rule 8's requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

The Court finds that the Complaint does not pass muster under Rule 8(a).[6] *First*, Plaintiff's Complaint barely, if at all, mentions Defendants beyond naming them as Defendants in this suit.

---

[6] The Court notes that there are likely alternative grounds to dismiss this suit, but the Complaint's allegations are so difficult to make out that it is impossible to clearly identify the exact claims and facts at issue. *First*, it is likely that the state-entity Defendants are protected from suit by the Eleventh Amendment of the United States Constitution. *See In re Hechinger Inv. Co. of Del.*, 335 F.3d 243, 249 (3d Cir. 2003). *Second*, as the Honorable Michael A. Shipp (U.S.D.J.) found in *Douce*:

> To the extent Plaintiff brings civil rights claims on behalf of himself and his daughter challenging the state court's child visitation, custody, and paternal rights orders, those claims also fail. "Although Plaintiff has clothed his complaint in the garb of a civil rights action, the [c]omplaint boils down to a dispute over the custody of his child and the

For example, Defendant the Honorable Madelin F. Einbinder, PJFP, the presiding judge of the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, appears to be only referenced once, in the sentence, "Madelin F. Einbinder violation 18 USC 912 impersonation injury, RICO, 31 USC 3729 false claim." (Compl. at 3); *see Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts"). Some Defendants do not appear to even be mentioned at all in the Complaint. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs").

*Second*, the Complaint fails to comport with Rule 8's directive that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint is replete with confusing, erratic, and convoluted paragraphs that do not make clear to the Court, much less any Defendant, what claims Plaintiff is putting forth and what relief he seeks. To share a few examples, Plaintiff includes four pages within his sixteen-page Complaint discussing "10 Facts About Father Engagement," (Compl. at 7–10), and a full page discussing "astonishing vax injury numbers" in apparent reference to Plaintiff's qualms with the COVID-19 vaccination, (*id.* at 15). The rest of the Complaint is made up of confusing paragraphs like:

---

interactions of Plaintiff and Defendants in that custody process." *Foster v. N.J. Div. of Child Prot. & Permanency*, No. 17-13572, 2018 WL 6069632, at *2 (D.N.J. Nov. 20, 2018). But "[t]his Court does not have jurisdiction over determinations of parental rights and child custody, including those presented in this case, because these are matters within the longstanding exception to federal jurisdiction in matters involving domestic relations of . . . parent and child. *Id.*; *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "To the extent that Plaintiff seeks review of any temporary or permanent child custody or parental rights determinations, his recourse lies in an appeal within the state court system because this federal court lacks jurisdiction to entertain these claims." *Id.*

*See* 2021 WL 825451, at *3 (D.N.J. Mar. 4, 2021). The Court notes that the allegations at issue in *Douce* appear to be interrelated with the allegations at issue in the present dispute, meaning this is now the second time Plaintiff has failed to sustain a claim against Defendants on substantially-similar grounds.

7

> Bill of rights for the United States Constitutional republic by Art 4 Sec. 4, is equity and Common law rights as consul Sims v. Arhrens was violated, civil rights Acts 1964 title 7, remedy for 1985,6, and 42 USC Sec. 1983, 18 USC 241, 242, 18 USC 1512 agency violated, 5 USC 706 Treason by sedition violation of Article 6 Clause 2 Marbury v. Madison 5 US137, 1803 the United States constitution an [sic] treaties are the Supreme law of the land Judicial fact any thing contrary, null and void have no standing, also violation of 5 USC sec.453 lack constitutional Oath of office, commissioner without for a Judge is fraud misconduct a Breach of trust of fiduciary duty was, in violation of Art. 3. 1.2, Court, and under the Statue of fraud, violation of Art 1 Sec.9, prohibit no bill of attainder post De facto color of law, violate due process with no judicial authority requirement by title 4 USC 101. violation of executive power in conducting adoption over plaintiff objection without consent.

(*Id.* at 2.)

Thus, the Complaint fails to provide Defendants with notice of the bases of Plaintiff's claims, warranting dismissal under Rule 8(a). "A complaint that reads like a plaintiff's personal 'diary' and is 'rambling and confusing' does not meet the standard under Rule 8(a)(2)." *Blount v. TD Bank, N.A.*, No. 12-18805, 2022 WL 4354640, at *2 (D.N.J. Sept. 20, 2022) (quoting *Pilkey v. Lappin*, No. 05-5314, 2006 WL 1797756, at *1 (D.N.J. June 26, 2006)); *see Teklewolde v. Onkyo USA Corp.*, No. 06-1097, 2006 WL 2465426, at *2 (D.N.J. Aug. 22, 2006) ("[A] court should dismiss the case pursuant to Rule 8(a), 'if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it.'" (quoting *Cole v. Commonwealth Federal*, No. 94-6099, 1994 WL 618464, at *1 (E.D. Pa. Nov. 8, 1994))).

**THEREFORE**, it is on this 13th day of November, 2024, **ORDERED** that:

1. The case pending at Civil Action No. 23-21737 is **CONSOLIDATED** with the case pending at Civil Action No. 22-00475;

2. The Clerk's Office is directed to administratively **TERMINATE** the case pending at Civil Action No. 23-21737;

3. With respect to the case pending at Civil Action No. 22-00475, Plaintiff's application to proceed *in forma pauperis*, ('475 ECF No. 11-2), is **GRANTED**;

4. Plaintiff's Complaint, ('475 ECF No. 11), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e);

5. The Clerk's Office is directed to **CLOSE** Civil Action No. 22-00475 and serve on Plaintiff by regular U.S. mail this Memorandum Order.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**